UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HAROLD CLARK                                    CIVIL ACTION

VERSUS                                          NUMBER: 09-4442

BURL CAIN                                       SECTION: "I"(5)

**<u>REPORT AND RECOMMENDATION</u>**

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Harold Clark, the State's response thereto, and petitioner's "Protective Petition Under A Stay-And-Abeyance" which the Court construes as a motion to stay. (Rec. docs. 1, 10, 11). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Clark's petition be dismissed with prejudice and that his motion to stay be denied.

Petitioner Clerk is a state prisoner who is currently incarcerated at the Tensas Detention Center, Waterproof, Louisiana. On May 10, 2006, pursuant to a plea agreement with the State, Clark

pled guilty to one count of distribution of cocaine within one thousand feet of a playground and one count of possession of cocaine in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana. Upon tendering said plea, Clark was sentenced to ten years as to the distribution count and five years as to the possession count, the sentences to be served concurrently. As an additional aspect of the plea agreement, the State then filed a bill of information against Clark accusing him of being a second felony offender under LSA-R.S. 15:529.1. Clark admitted to the allegations contained within the multiple offender bill of information whereupon the five-year sentence that had been imposed on the possession count was vacated and he was re-sentenced to ten years as to that count under R.S. 15.529.1. Clark did not directly appeal his conviction or sentence within the thirty-day time period prescribed by LSA-C.Cr.P. Art. 914(B)(1). As a consequence, Clark's conviction became final at the expiration of that thirty-day time period, or June 10, 2006. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003)("conviction becomes final when the time for seeking further direct review in the state court expires").

On February 18, 2008, well over one year after his conviction had become final, Clark simultaneously signed and dated a post-conviction relief application ("PCRA") and a motion to vacate and

2

set aside the multiple offender bill of information, both of which were formally filed in the trial court on February 25, 2008. (Id.). (St. ct. rec., vol. 1 of 2). The PCRA and the motion to vacate were denied by the trial court on February 29, 2008. (Id.). From those unfavorable rulings, Clark unsuccessfully sought writs from the Louisiana Fifth Circuit Court of Appeal. State v. Clark, No. 08-KH-264 (La. App. 5th Cir. May 28, 2008)(unpublished order). (St. ct. rec., vol. 2 of 2). Clark subsequently filed an untimely writ application to the Louisiana Supreme Court which was likewise unavailing. State ex rel. Clark v. State, 5 So.2d 156 (La. 2009). Clark signed and dated his federal habeas petition on July 15, 2009. (Rec. doc. 1, p. 15).

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Clark have one year from the date that their convictions become final to timely seek federal habeas relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte. Kiser v. Johnson, 163 F.3d 326,

3

328-29 (5th Cir. 1999).

As noted above, Clark's conviction became final on June 10, 2006 when the thirty-day appeal time prescribed by Article 914(B)(1) expired and no motion therefor was made. At that point, the one-year limitation period set forth in §2244(d) began to run and had long since expired when Clark signed his PCRA and motion to vacate on February 18, 2008. That being the case, and because no facts are present warranting the application of equitable tolling, a doctrine that applies in rare and exceptional circumstances and principally where the petitioner is actually misled by the respondent or is prevented in some extraordinary way from asserting his rights, Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), it will be recommended that Clark's petition be dismissed with prejudice.

In addition to Clark's petition and the State's response thereto, also before the Court is Clark's motion to stay. Seizing upon the representation made in the State's response that one of Clark's habeas claims has not been exhausted in the state court system, petitioner requests that this matter be stayed to afford him the opportunity to present his unexhausted claim(s) to the state courts first.

Exhaustion of state court remedies is typically a condition precedent to a federal habeas court's review of the merits of a

4

petitioner's claims for relief. 28 U.S.C. §2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982). The exhaustion requirement is satisfied only where the grounds urged in a federal habeas petition were previously presented to the state's highest court in a procedurally proper fashion. Knox v. Butler, 884 F.2d 849, 852 n.7 (5th Cir. 1989), cert. denied, 494 U.S. 1088, 110 S.Ct. 1828 (1990); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). Related to the exhaustion requirement is the doctrine of procedural default, another separate but distinct limit on the availability and scope of federal habeas review. See Nobles v. Johnson, 127 F.3d 409, 420-23 (5th Cir. 1997), cert. denied, 523 U.S. 1139, 118 S.Ct. 1845 (1998). "A procedural default ... occurs when a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims would now find the claims procedurally barred.'" Id. at 420 (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1 (1991)); Sones v. Hargett, 61 F.3d 410, 416 (5th Cir. 1995).

With limited exceptions not relevant here, Article 930.8 of the Louisiana Code of Criminal Procedure provides that no application for post-conviction shall be considered by the state courts if it is filed more than two years after the judgment of conviction and sentence of a defendant have become final. The Fifth

5

Circuit has determined that Article 930.8 constitutes an independent and adequate state rule that is regularly applied by the state courts. Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997), cert. denied, 523 U.S. 1125, 118 S.Ct. 1811 (1998).

To the extent that any of Clark's claims for habeas relief have not been exhausted in the state court system, it would now be too late for him to do so in light of the time limitation set forth in Article 930.8. Because no external impediment prevented Clark from exhausting his unexhausted claims in the state court system prior to the expiration of the Article 930.8 limitation period, Moore v. Roberts, 83 F.3d 699, 704 (5th Cir. 1996), cert. denied, 519 U.S. 1093, 117 S.Ct. 772 (1997), and because he fails to establish cause for his procedural default, Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991), federal habeas review of any unexhausted claims is foreclosed irrespective of any showing of prejudice. See Murray v. Carrier, 477 U.S. 478, 494-95, 106 S.Ct. 2639, 2649 (1986). No colorable showing of actual innocence being made here, Clark has not shown that a fundamental miscarriage of justice will occur if his unexhausted claims are not considered. Glover, 128 F.3d at 904. Because an abuse of discretion would occur if the Court dismissed Clark's unexhausted but procedurally defaulted claims without prejudice, Horsley v. Johnson, 197 F.3d 134, 136-38 (5th Cir. 1999), it follows that

petitioner's motion to stay should be denied.[1]

**RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Harold Clark be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __4th__ day of ____February____, 2010.

*Alma L. Chasez*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Not only would any further PCRA be untimely under Article 930.8, any claims that were inexcusably omitted from Clark's previous PCRA would be subject to dismissal under LSA-C.Cr.P. Art. 930.4(E). Williams v. Cain, 190 F.3d 538 (5th Cir. 1999)(table); Washington v. Cain, 2000 WL 863980 at *3-4 (E.D. La. June 27, 2000).